UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION



**JERRY KNIGHT**
Petitioner

v.

**A12CV0086 LY**

**INTERNAL REVUENUE SERVIUE,**
**Randall Mooney, Special Agent**
Respondents

## PETITION TO QUASH
## NON-JUDICIAL I.R.S. SUMMONS

COMES NOW, Jerry knight, and files this petition pursuant to 26 U.S.C. § 7609 (b)(2) to Quash the Administrative Summons, Form 2039 attached as <u>Exhibit A</u>, that the Internal Revenue Service has improperly issued and served upon Petitioner and which seeks to obtain information from a third party, CPA Mikella Maughan, data and information protected by the Attorney Client Privilege.

The purported Summons was improperly served without any Notice of Rights under the investigative process, and without any Notice of either Right or appropriate process, to appeal the action.

This petition is predicated on the legal premise that the legal requirements of 26 U.S.C. § 7609(b) (2), § 7609(a) (2) and § 7603 have not been met, and that the I.R.S. is either exceeding and violating the clear, explicit, and limited authority of § 7608(b), or obviously misusing the authority of § 7608(a). In the event that respondents cannot show conclusively that they are in compliance with 26 U.S.C. § 7609 (b)(2), § 7609(a)(2) and § 7603, and that they have authority under some statute other than § 7608, this administrative summons is invalid. In the event that respondents cannot show conclusively that they are not attempting to violate the 4th, 5th and 6th Amendment Rights of the Petitioner, this administrative summons is invalid.

Furthermore this summons is invalid and is due to be quashed because of non compliance with the standards set forth by the Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S. Ct. 248, 13 L. Ed. 2d 112 (1964), to wit: The administrative steps established by Congress and required by the Internal Revenue Code (IRC) were not followed.

Additionally, the Internal Revenue Code section serving as the lawful authority for the issuance of the Summons was not identified on the face of the summons, and the IRS employees involved in this matter have violated the Rights of the Petitioner by failing to provide the information that IRS Notice 609 states that Petitioner is entitled to receive.

## POINTS AND AUTHORITIES

1. <u>RIGHT TO INTERVENE; RIGHT TO PROCEEDING TO QUASH</u>

Petitioner will seek to quash this summons pursuant to the provisions of IRC § 7609, if it can be determined that the respondents are in compliance with the appropriate statutes.

Section 7609 reads in pertinent part:

> **IRC § 7609(b):**
>
> **(b) Right to Intervene Right to Proceeding to Quash.--**
>
> (1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
> (2) Proceeding to quash.--
>   (A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons. (emphasis added)
>   (B) requirement of notice of person summoned and to secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20 day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1). (emphasis added)
>   (C) Intervention etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).
>
> **(c) Summons to Which Section Applies.--**
>
> (1) In general.-- Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (2) of section 7602(a) or under

section 6420(e)(2), 6421(g)(2), or 6427(j)(2) and requires the production of records.

(2) Exceptions.- A summons shall not be treated as described in this subsection if-
  (A) it is solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in subsection (a)(3)(A), or
  (B) it is in aid of the collection of--
    (i) the liability of any person against whom an assessment has been made or judgment rendered, or
    (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

**(d) Restriction of Examination of Records--**

No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made
  (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
  (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash. (emphasis added)

    The summons in the instant case, Exhibit A, was purportedly issued under authority of the Internal Revenue Code. The summons was issued January 6, 2012, and ordered a time and place for appearance at 12301 Research Blvd, Austin Texas on January 30, 2012.

    According to the Supreme Court, the summons is without force of law unless the Secretary seeks to compel compliance with the summons.
**"If the Secretary or his delegate wishes to enforce the summons, he must proceed under § 7402 ( b)."** [*Reisman v. Caplin*, 375 U.S.C. 440, 445].

    No order has emanated from a competent Court and petitioner has not granted his permission for the examination of any records that pertain to him or any other party. This position is supported by the United States Supreme Court when they said:

    An individual may be under no obligation to do a particular thing, and his failure to act creates no liability but if he voluntarily attempts to act and do a particular thing, he comes under an implied obligation in respect to the manner in which he does it. [*Guardian T & D Co. v. Fisher*, 26 S. Ct. 186 @ 188 (1986)]

    Petitioner does not wish to volunteer to do an act that is not shown to be required, nor

Page 3

Legal Petition to Quash Non-Judicial Administrative Summons

does he wish to waive any of his Constitutionally secured and guaranteed Rights as a Citizen of the United States of America.

2. ENFORCEMENT OF SUMMONS

Internal Revenue Code § 7604 reads in pertinent part:

**(a) Jurisdiction of district court.**

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data. (emphasis added)

And Section 7402 states:

**§ 7402. Jurisdiction of district courts**
...
**(b) To enforce summons**

If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

Sections 7604 and 7602 show that the authority to enforce the summons resides only with the District Court, not with the IRS office, and can only be obtained by appropriate process. This is true, even if it was issued under proper procedures, including delegation orders (that do not appear to exist), therefore, it would still have no force of law and could only be enforced by "appropriate process" of the Court. A reasonable person would not apply to a District Court to enforce a summons containing so many fatal errors.

3. ATTORNEY CLIENT PRIVILEDGE AND WORK PRODUCT

Some of the matters requested in the summons are exempt from summons and subpoena in this criminal investigation because they are attorney client privilege and work product. The attached exhibit B sets out the pages of material requested from Ms. Maughan. Petitioner seeks to quash the summons as to those pages designated as "WP / ACP" as Attorney Work Product and Attorney Client Privilege.

Petitioner would show that he engaged the services of Attorney Fred Walker who

engaged and utilized the services of CPA Mikella Maughan to assist in his representation of Petitioner. The records sought are from that relationship. Therefore the summons should be quashed as to those pages referenced in Exhibit B as "WP / ACP".

Application of the summons to said WP/ACP items violates the Petitioners attorney client privilege and thus his 4th, 5th, and 6th Amendment rights under the United States Constitution.

Wherefore, Premises Considered, the summons should be quashed as to the matters requested that are attorney client privilege and work product and for the fact that the conditions of IRC § 7609 and other code sections have not been met.

So stated and affirmed by and,

                                        Respectfully submitted.

                                        Jerry Knight
                                        (512) 750-6995